UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES F. GORMAN, IV,<br>  *pro se* Plaintiff,<br><br>v.<br><br>TOWN OF TISBURY;<br>OFFICER PATRICK SOUZA in his<br>Individual Capacity;<br>SERGEANT EDWARD ST. PIERRE in his<br>Individual Capacity;<br>JOHN DOES I, II, III, IV, in their<br>Individual Capacities;<br>MARTHA'S VINEYARD TIMES; and<br>CHIEF BRUCE McNAMEE in his<br>Individual Capacity,<br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C.A. NO. 1:25-cv-12869

**TISBURY DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

NOW COME the Defendants, the Town of Tisbury ("Tisbury"), and Tisbury Police

Officers Patrick Souza ("Ofc. Souza") and Sgt. Edward St. Pierre ("Sgt. St. Pierre"), (collectively,

the "Tisbury Defendants")[1] and hereby partially move to dismiss Plaintiff's Second Amended

Complaint[2] pursuant to Fed. R. Civ P. 12(b)(6).

As grounds therefore, the Tisbury Defendants state the following:

- This is an action in which the Plaintiff, James F. Gorman IV asserts four claims against the
  Tisbury Defendants under 42 U.S.C. § 1983, and one claim for defamation against Sgt. St.

---

[1] Plaintiff also names John Does I, II, III, and IV, alleged as other Tisbury Police officers. This motion on behalf of the Tisbury Defendants is not made on behalf of the Doe defendants, as those defendants have neither been served nor identified.

[2] This motion responds to the pleading titled "Amended Complaint" filed in this Court on January 16, 2026. The pleading should be more properly titled Second Amended Complaint because Plaintiff had amended his Complaint before, and this motion will refer to the most recent pleading in that manner to differentiate it from the prior Amended Complaint.

Pierre and the other defendants, based on a police investigation into a package theft, and separately, an unrelated traffic stop and wellness check.

- Plaintiff filed his original Complaint in the Dukes County Superior Court on or about September 4, 2025.

- On September 18, 2025, Plaintiff filed an Amended Complaint (the "Amended Complaint") in Dukes County Superior Court.

- On October 2, 2025, then-Defendant Town of Edgartown timely removed this action pursuant to 28 U.S.C. §§ 1441, 1446.  ECF Doc. No. 1.

- On October 9, 2025 the Tisbury Defendants filed a Motion to Dismiss the Amended Complaint.  ECF Doc. No. 6-7.

- After the Plaintiff filed an Opposition to the Tisbury Defendants' Motion to Dismiss the Amended Complaint, and a Status Conference was held on November 5, 2026, the Court granted the Plaintiff leave to file an amended complaint by January 16, 2026.  ECF Doc. No. 20.

- On January 16, 2026, the Plaintiff filed a pleading titled Amended Complaint, even though this was the second amended version of the original Complaint (therefore, "Second Amended Complaint").  ECF Doc. No. 21

- The Second Amended Complaint asserts the following claims:

  Count I:      Violation of 42 U.S.C. § 1983 (Fourth and Fourteenth Amendments) vs. Tisbury and Ofc. Souza (in his Individual Capacity)
  Count II:     Violation of 42 U.S.C. § 1983 (Fourth Amendment) vs. Tisbury and John Does I, II, III, and IV (each in their Individual Capacity)
  Count III:    Violation of 42 U.S.C. § 1983 (Fourth Amendment) vs. Tisbury and Ofc. Souza (in his Individual Capacity)
  Count IV:     Violation of 42 U.S.C. § 1983 (*Monell* Liability) vs. Tisbury
  Count V:      Defamation vs. Martha's Vineyard Times, Bruce McNamee (in his Individual Capacity) and Sgt. St. Pierre (in his Individual Capacity)

- Count I should be dismissed because Tisbury was constitutionally permitted to board and inspect the Plaintiff's boat because it was adrift in the harbor. Additionally, Ofc. Souza is not alleged to have participated in these acts, and Tisbury cannot be vicariously liable under Section 1983.

- Count II should be dismissed because Tisbury constitutionally permitted to enter Plaintiff's residence in response to a request for a wellness check.

- The Tisbury Defendants do not move to dismiss Count III.

- Count IV should be dismissed because a single incident of constitutional deprivation is not sufficient to support a *Monell* claim against Tisbury.

- Count V against Sgt. St. Pierre should be dismissed because Plaintiff fails to sufficiently identify the allegedly false statement.

As additional grounds therefor, the Tisbury Defendants submit the attached Memorandum of Law in Support of their Motion to Dismiss, which is incorporated herein by reference.

WHEREFORE, the Tisbury Defendants respectfully request that this Honorable Court allow their partial Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6), and dismiss Counts I, II, IV, and V against them, along with such other relief this Court deems just and warranted.

Respectfully submitted,

The Defendants,
TOWN OF TISBURY,
OFFICER PATRICK SOUZA in his Individual Capacity;
and SERGEANT EDWARD ST. PIERRE in his Individual Capacity;
By their Attorneys,

**PIERCE DAVIS & PERRITANO LLP**

/s/ *Patrick T. Ciapciak*
Matthew J. Hamel, BBO No. 706146
Patrick T. Ciapciak, BBO No. 705221
10 Post Office Square, Suite 1100N
Boston, MA 02109
(617) 350-0950
mhamel@piercedavis.com
pciapciak@piercedavis.com

Dated: April 13, 2026

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Undersigned counsel for the Tisbury Defendants hereby certifies, pursuant to Local Rule 7.1(a)(2), that on April 13, 2026, I conferred in good faith with *pro se* plaintiff, James F. Gorman, in an effort to resolve the issues related to this Motion to Dismiss.

/s/ Patrick T. Ciapciak

_____

Patrick T. Ciapciak

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), the Tisbury Defendants hereby request oral argument at hearing for this motion.

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of April 2026, this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants as follows:

*Pro Se* Plaintiff, via first class mail
James F. Gorman IV
375 Highland Street
Weston, MA 02493
and electronically
emeraldlogisticsma@gmail.com

/s/ Patrick T. Ciapciak
Patrick T. Ciapciak, Esq.